IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kelly Luckadoo, | ) | No. CIV 09-0518-PHX-MHM (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Berry Larson, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

  Kelly Luckadoo filed a petition for writ of habeas corpus and an amended petition on March 13, 2009, challenging his convictions in Maricopa County Superior Court for first degree murder, burglary, robbery and theft. The trial court imposed concurrent terms for the burglary and theft convictions, to be served consecutive to the life sentence imposed for the murder conviction. The trial court ordered the sentence for the robbery conviction to be served concurrent with the life sentence. He raises three grounds for habeas relief: (1) newly discovered evidence requires a new trial; (2) counsel was ineffective in failing to uncover evidence critical to his self-defense claim; and (3) prosecutorial misconduct prevented Luckadoo from presenting evidence of self-defense. Respondents contend that the petition is untimely. The Court agrees that the petition is untimely and that Luckadoo has not established that he is entitled to equitable tolling, and recommends that his petition be denied and dismissed with prejudice.

Following his convictions and sentencing, Luckadoo sought direct review. On October 26, 1993, the court of appeals affirmed his convictions and sentences (Doc. #25, Exh G). On November 10, 1993, he filed a petition for review in the Arizona Supreme Court; on May 17, 1994, the supreme court denied review (*Id.*, Exh H, I).

On November 22, 2004, more than 10 years later, Luckadoo filed his first notice of post-conviction relief (*Id.*, Exh J). Counsel filed a petition on February 1, 2005, raising three issues: (1) newly discovered evidence exists that might have changed the verdict; (2) Luckadoo was denied a fair trial as a result of prosecutorial misconduct in using unreliable evidence at trial; and (3) he was denied a fair trial and the effective assistance of counsel when trial counsel failed to uncover evidence critical to Luckadoo's self-defense claim (*Id.*, Exh K). On December 5, 2005, the trial court dismissed the petition, ruling that the prosecutorial misconduct claim was precluded because it had already been raised on appeal and that the remaining claims failed to raise a colorable claim for relief (*Id.*, Exh L).

On January 9, 2006, Luckadoo filed a motion for rehearing; the motion was denied on March 17, 2006 (*Id.*, Exh M, N). On April 17, 2006, Luckadoo filed a petition for review in the Arizona Court of Appeals; on June 19, 2007, the court of appeals summarily denied review (*Id.*, Exh O, P). On July 10, 2007, he petitioned for review in the Arizona Supreme Court; on September 10, 2007, the petition was summarily denied (*Id.*, Exh Q, R). On March 13, 2009, Luckadoo filed his federal petition.

Luckadoo was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2). Luckadoo's conviction became final on August 17, 1994, ninety days after the Arizona Supreme Court denied review. *See Bowen v. Roe*, 188 F.3d 1157,

1158-59 (9th Cir. 1999). Because his conviction became final before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the statute of limitations began to run on April 25, 1996, and expired on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1256 (9th Cir. 2001). Absent any statutory tolling, he was required to file his federal petition on or before April 24, 1997.

Respondents argue that the one-year period of limitations was tolled from April 25, 1996, through September 10, 2007, the date the Arizona Supreme Court denied review of the dismissal of his post-conviction petition. The Court disagrees with Respondents that *any* tolling occurred during this period. Luckadoo filed *no* pleadings in state court from May 19, 1994 to November 22, 2004. The statute of limitations is not tolled between the conviction's finality and the filing of the first state collateral challenge because there is nothing pending during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied*, 529 U.S. 1104 (2000). Luckadoo is also not entitled to any tolling for the time period between November 22, 2004, and September 10, 2007, when he was pursuing collateral review. In order to qualify for statutory tolling during the time a petitioner is pursuing collateral review in the state courts, a prisoner's application for collateral review must be constructively filed *before*, not after, the expiration of the AEDPA's one-year limitations period. "[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period." *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003). There can be no tolling following the expiration of the limitations period because "there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000). Finally, Luckadoo's petition for post-conviction relief, filed six years after the expiration of the limitations period, does not revive the expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Assuming that equitable tolling is available to Luckadoo, *see Bowles v. Russell*, 551 U.S. 205, 209-15 (2007), the Court concludes that he is not entitled to such tolling. He has

- 3 -

not demonstrated that he had been pursuing his rights diligently and the existence of any extraordinary circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Indeed, Luckadoo did not file a Reply to the Answer. Therefore, he necessarily has failed to explain why he waited over ten years following the conclusion of direct review to initiate post-conviction proceedings.

**IT IS THEREFORE RECOMMENDED** that Kelly Luckadoo's amended petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #2).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 5th day of April, 2010.

_____
David K. Duncan
United States Magistrate Judge