UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| KELLY LUCKADOO, ) | |
| ) | |
| Petitioner, ) | 2:09-cv-00518 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| BERRY LARSON, *et al.*, ) | [Re:  Petition at docket 1 as |
| ) |       amended at docket 2] |
| Respondents. ) | |
| ) | |

## I.  MATTER PRESENTED

At docket 1, petitioner Luckadoo seeks a writ of habeas corpus.  An amended petition is at docket 2.  Respondents oppose the petition at docket 25.  At docket 26, Magistrate Judge Duncan filed a report and recommendation in which he recommended that the petition be denied and dismissed with prejudice.  Luckadoo objected to the recommendation at docket 27.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's

---

[1] 28 U.S.C. § 636(b)(1).

report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

**A. Luckadoo's Petition is Time-Barred**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for writs of habeas corpus from state prisoners.[5] The limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[6] Where applicable, the limitation period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if that date is later than the conclusion of direct review.[7]

Luckadoo's time to seek direct review expired on May 19, 1994, ninety days after the Arizona Supreme Court denied review.[8] Because Luckadoo's conviction became

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] 28 U.S.C. § 2244(d)(1)

[6] *Id.* § 2244(d)(1)(A).

[7] *Id.* § 2244(d)(1)(D).

[8] *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a

final prior to the effective date of AEDPA, Luckadoo was "entitled to a one-year grace period, beginning on April 24, 1996, in which to file [his] petition."[9] Absent any tolling, Luckadoo's grace period expired on April 24, 1997.

AEDPA tolls the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[10]

**1. Luckadoo's State Claim for Post-Conviction Relief Was "Properly Filed"**

In *Pace v. DiGuglielmo*,[11] the Supreme Court held that a state post-conviction petition rejected as untimely by a state court is not "properly filed" within the meaning of § 2244(d)(2). Luckadoo filed his notice of post-conviction relief in state court on November 22, 2004.

Under Arizona Rule of Criminal Procedure 32.4(a), notice of post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."[12] "Any notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)."[13]

---

petition for a writ of certiorari from the United States Supreme Court.").

[9] *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

[10] 28 U.S.C. § 2244(d)(2).

[11] 544 U.S. 408, 417 (2005)

[12] Ariz. R. Crim. P. 32.4(a).

[13] *Id.*

Luckadoo's post-conviction claim for relief was pursuant to Arizona Rule of Criminal Procedure 32.1(e) and (h).[14]  Arizona Rule of Criminal Procedure 32.2(b) provides that when a claim under paragraph (e) or (h) of Rule 31.1

> is to be raised in a[n] . . . untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in . . . a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in . . . a timely manner, the notice shall be summarily dismissed.[15]

Luckadoo's state post-conviction proceeding was therefore untimely, but "properly filed" under Arizona's post-conviction relief framework.

Respondents state that Luckadoo's state petition for post-conviction relief became "'properly filed' once the state court entertained the [p]etition on its merits."[16] While respondents' recitation of law is correct, it is unnecessary to rely on the state courts' entertainment of Luckadoo's petition.  Even though Luckadoo's state petition was not timely filed, it was still "properly filed" because it was authorized by the Arizona Rules of Criminal Procedure.[17]

---

[14]Doc. 25-1 at 112–113.

[15]Ariz. R. Crim P. 32.2(b).

[16]Doc. 25 at 8 (citing *Gaston v. Palmer*, 387 F.3d 1004, 1013 (9th Cir. 2004), *superseded on other grounds by* 417 F.3d 1030 (9th Cir. 2005) ("A decision on the merits necessarily implies that an application was 'properly filed,' because it is axiomatic that a court will not rule on the merits of an improperly filed application.")).

[17]*Cf. Pace*, 544 U.S. at 413.

**2. The Federal Limitation Period Expired Before Luckadoo's State Claim was "Pending"**

Even though Luckadoo's application for state post-conviction relief was "properly filed" within the meaning of § 2244(d)(2), that section also requires that the application be "pending" in order to toll the limitation period. The Ninth Circuit has concluded "that the AEDPA statute of limitations is tolled for all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."[18] "AEDPA's statute of limitations is *not* tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."[19] Because "a properly and timely filed petition in state court only tolls the time remaining in the federal limitation period," by the time Luckadoo filed his state petition for post-conviction relief the federal limitation period had expired.[20]

**3. The Factual Predicate of Luckadoo's Claim Could Have Been Discovered Earlier Through Due Diligence**

Relying on § 2244(d)(1)(D), Luckadoo maintains that "the one-year period of limitation began to run on the date which the newly discovered evidence was uncovered . . . through the exercise of due diligence."[21] The statute provides that the limitation

---

[18]*Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

[19]*Id.* (emphasis added).

[20]*Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (quoting *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001)).

[21]Doc. 27 at 2.

period begins to run on the date that newly discovered evidence *could* have been discovered, not on the date that it was actually discovered. Luckadoo makes no argument that the newly discovered evidence could not have been uncovered sooner.[22] Moreover, two of the affidavits presented as newly discovered evidence were submitted in February of 1999, more than five years before Luckadoo's state petition was filed.[23] Luckadoo offers no explanation for the delay.

## B. Luckadoo Is Not Entitled to Equitable Tolling

Luckadoo argues that he "is entitled to equitable tolling because this is his first habeas petition and his claims have never before been addressed on the merits."[24] Equitable tolling is available where a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[25] The extraordinary circumstances must cause the untimeliness.[26]

Although Luckadoo maintains that he "diligently pursued his rights by hiring a private investigator and counsel," he has not shown that extraordinary circumstances prevented him from filing his habeas petition sooner.[27] In rare cases, egregious

---

[22] There is no basis to assume that the affidavits of an independent medical examiner and a crime scene reconstruction expert could not have been obtained through the exercise of due diligence at an earlier date.

[23] *See* doc. 5-5 at 4; doc. 5-7 at 4.

[24] Doc. 27 at 5.

[25] *Pace*, 544 U.S. 408, 418 (2005).

[26] *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotations omitted).

[27] Doc. 27 at 5.

attorney misconduct may justify equitable tolling.[28]  The misconduct alleged in Luckadoo's petition, however, relates to his trial and not to the circumstances surrounding his post-conviction proceedings.  In the absence of extraordinary circumstances, equitable tolling is not available.

## IV.  CONCLUSION

For the foregoing reasons, Magistrate Judge Duncan's findings and recommendations are adopted in part and modified in part as detailed above. Luckadoo's petition for writ of habeas corpus is **DISMISSED** with prejudice.  The Clerk will please terminate this case.

DATED this 27th day of January 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[28] *See, e.g.*, *Spitsyn*, 345 F.3d at 801.